IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTOINETTE JOHNSON <br> c/o Barret Law Offices, PLLC <br> 5 West Hargett Street, Suite 910 <br> Raleigh, North Carolina 27601 <br><br> *On Behalf of Herself and* <br> *Others Similarly Situated* <br><br> Plaintiff, <br><br> v. <br><br> ADDI KORI, INC. <br> 3935 Statesville Avenue <br> Charlotte, North Carolina 28206 <br><br> SERVE: Cory Headen <br> 3935 Statesville Avenue <br> Charlotte, North Carolina 28206 <br><br> And <br><br> BIG C INC. <br> 3935 Statesville Avenue <br> Charlotte, North Carolina 28206 <br><br> SERVE: Cory Headen <br> 3935 Statesville Avenue <br> Charlotte, North Carolina 28206 <br><br> And <br><br> CORY HEADEN <br> 3935 Statesville Avenue <br> Charlotte, North Carolina 28206 <br><br> Defendants. | Case No. _____ |

## **COMPLAINT**

Plaintiff Antoinette Johnson ("Plaintiff"), individually and on behalf of other similarly situated individuals, files this Class and Collective Action Complaint against Cory Headen

("Headen"), individually, and Headen's gentlemen's club business operations Addi Kori, Inc. and Big C., Inc., doing business as Candi's Cabaret, Club Nikki's, and Diamonds of Charlotte (together, Headen's several gentlemen's club business operations are referred to as "Headen's Clubs") (collective, all party Defendants are referred to as "Defendants") and herein seeks to recover damages arising out of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.6 *et seq*. as set forth below.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1331, based upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

2. The United States District Court for the Western District of North Carolina has personal jurisdiction because Defendants operate each of their principal business offices in Charlotte, North Carolina, which is located within this District.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant operated and continues to operate several gentlemen's clubs in and around Charlotte, North Carolina, within the Western District of North Carolina, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

4. The claims for violations of the NCWHA are based upon the statutory law of the State of North Carolina.

5. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claims.

6. All the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## PARTIES

7. Plaintiff is an adult domiciliary of Charlotte, North Carolina.

8. By acting as the named plaintiff in this action and affixing her name to the caption of this case, Plaintiff affirms her consent, in the writing of this Complaint, to participate as a plaintiff and class representative in this action seeking recovery unpaid wages and other damages against Defendants under the FLSA and NCWHA.

9. Each of Headen's Clubs is a corporation formed under the laws of the State of North Carolina.

10. Each of Headen's Clubs operates as a gentlemen's club within the jurisdictional limits of Charlotte, North Carolina.

11. Each of Headen's Clubs identifies the following mailing address and principal office address with the North Carolina Secretary of State: 3935 Statesville Avenue, Charlotte, North Carolina 28206.

12. At all times during Plaintiff's employment, Headen, individually, was the controlling and managing officer and the primary owner of each of Headen's Clubs.

13. At all times during Plaintiffs' employment, Headen, individually, had the full power and authority to hire, fire, suspend, and otherwise discipline Plaintiff and all employees and exotic dancers working at each of Headen's Clubs.

14. At all times during Plaintiff's employment, Headen, individually, had the full power and authority to control and direct the work schedule and work duties for Plaintiff and all employees and exotic dancers working at each of Headen's Clubs.

15. At all times during Plaintiff's employment, Headen, individually, had the full power and authority to set the classification (as employee or contractor) and the rate and method

3

of compensation for Plaintiff and all employees and exotic dancers working at each of Headen's Clubs.

16. At all times during Plaintiff's employment, Headen, individually, had the full power and authority to control, manage, and supervise the day-to-day operations at each of Headen's Clubs.

17. Collectively, Defendants (Headen and Headen's Clubs) operate as a "single enterprise employer" with gentlemen's club concepts and business operations at multiple locations in and/or around Charlotte, North Carolina.

18. In furtherance of Defendants' business purpose of operating multiple gentlemen's clubs, Defendants operate Headen's Clubs as separate legal entities for the purpose of shielding Headen from individual liability.

19. Notwithstanding that each location of Headen's Clubs operates as a separate legal entity, the operations of Headen's Clubs is centrally and commonly controlled and operated by Headen, individually, as a single business operation.

20. Upon information and belief, Defendants use a common bookkeeper and payroll system for each of Headen's Clubs, and, upon information and belief, the common bookkeeper and payroll system serves substantially the same function for each of Headen's Clubs.

## **COVERAGE**

21. At all times material to this action, Defendants, jointly and collectively, qualified as Plaintiff's employer and the employer of all other similarly situated exotic dancers within the defined scope of the FLSA, 29 U.S.C. § 203(d).

22. At all times material to this action, Plaintiff and all other similarly situated exotic dancers were each individual employees engaged in commerce or the production of goods within

4

Case 3:21-cv-00181-FDW-DCK    Document 1    Filed 04/21/21    Page 4 of 18

the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

23. At all times material to this action, Defendants individually and collectively operated as an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

24. At all relevant times, Defendants operated Headen's Clubs in and/or around Charlotte, North Carolina.

25. At all relevant times, each one of Headen's Clubs featured female exotic dancers.

26. At all relevant times, Plaintiff's primary job duty and the primary job duty of all other similarly situated exotic dancers was to perform exotic dances and provide adult entertainment for Defendants' customers at Defendants at Headen's Clubs in and/or around Charlotte, North Carolina.

27. During the period of Plaintiff's employment, the number of shifts Plaintiff and all other similarly situated exotic dancers worked varied from week to week.

28. During the period of Plaintiff's employment, the exact number of hours Plaintiff and all other similarly situated exotic dancers worked varied from week to week.

29. Plaintiff is currently employed by the Defendants as an exotic dancer at each of Headen's Clubs and has been employed in this capacity since about February 2019.

30. During the period of Plaintiff's employment, Plaintiff has typically and customarily worked about 4-6 shifts per week.

5

31. During the period of about March 2020 through about August 2020, Plaintiff worked significantly less shifts than was typical during her employment period due to the COVID pandemic and personal medical-related issues.

32. At no time during her period of employment have Defendants ever paid Plaintiff or any other similarly situated exotic dancer any wages or other compensation for hours worked as exotic dancers at Headen's Clubs.

33. For her entire employment period, the Defendants have misclassified Plaintiff and all other similarly situated exotic dancers at Headen's Clubs as independent contractors and have taken the position that Plaintiff and the other exotic dancers should not be paid and are not owed or entitled to minimum wage compensation under Federal or North Carolina law.

34. Instead of paying Plaintiff and the other similarly situated exotic dancers wages or compensation, for the entire period of Plaintiff's employment, Defendants have charged Plaintiff and the other similar situated exotic dancers a per-shift kickback or fee and other fines and surcharges as a condition of employment for each shift worked at each of Headen's Clubs.

35. During the period of Plaintiff's employment, for each shift Plaintiff and the other similarly situated exotic dancers worked at Headen's Clubs, Defendants charged Plaintiff and the other similarly situated exotic dancers mandatory house fees and/or tip deductions and/or assignments in the amount of about $100.00 per shift, and often times significantly more.

36. Defendants have possession, custody, and control of time and/or sign in records and "house fee" payment records for Plaintiff and all other similarly situated exotic dancers.

37. Agents on behalf of Defendants had actual knowledge of all hours Plaintiff and the other similarly situated exotic dancers worked each shift at each of Headen's Clubs through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work

duties and the work duties of the other similarly situated exotic dancers.

## MISCLASSIFICATION AS INDEPENDENT CONTRACTORS

38. Defendants misclassified Plaintiff and all other similarly situated exotic dancers at Headen's Clubs as independent contractors when Plaintiff and all other similarly situated exotic dancers should have been classified under the FLSA and NCWHA as employees.

39. Defendants controlled all aspects of the job duties Plaintiff and all other similarly situated exotic dancers performed inside Headen's Clubs through employment rules and workplace policies.

40. Defendants controlled the method by which Plaintiff and all other similarly situated exotic dancers could earn money inside Headen's Clubs by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

41. Defendants required Plaintiff and all other similarly situated exotic dancers to perform private and semi-private dances inside Headen's Clubs under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

42. Defendants hired Plaintiff and all other similarly situated exotic dancers to work as exotic dancers at Headen's Clubs and had the ability to discipline, fine, fire, and adjust Plaintiff and the other similarly situated exotic dancer's work schedules.

43. Defendants, through supervisors and managers, supervised the exotic dancer job duties of Plaintiff and all other similarly situated exotic dancers performed inside Headen's Clubs to make sure Plaintiff and all other similarly situated exotic dancer's job performance inside Headen's Clubs was of sufficient quality.

44. Defendants conducted initial interviews and vetting procedures for Plaintiff and all

other similarly situated exotic dancers, and, at Defendants' sole discretion, Defendants' management and/or ownership could deny Plaintiff or any other similarly situated exotic dancer access or ability to dance and/or work at Headen's Clubs.

45. Defendants had the right to suspend or send Plaintiff or any other similarly situated exotic dancer home and away from any of Headen's Clubs if Plaintiff or any other similarly situated exotic dancer violated rules or policies or if Defendants' ownership or management, at its discretion, did not want Plaintiff or any other similarly situated exotic dancer to work at any of Headen's Clubs.

46. Plaintiff and other similarly situated exotic dancers were not required to have or possess any requisite certification, education, or specialized training as a condition of employment with Defendants at any of Headen's Clubs.

47. In addition to failing to pay Plaintiff or other similarly situated exotic dancers wages for hours worked, Defendants required Plaintiff and the other similarly situated exotic dancers to pay Defendants or their management a house fee or kickback in the amount of $100.00 or more for each shift Plaintiff and other similarly situated exotic dancers worked at Headen's Clubs.

48. Without justification, Defendants regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and the other similarly situated exotic dancers received from customers at Headen's Clubs.

49. At all times relevant to this action, Defendants' ownership and management had actual knowledge that Plaintiff and the other similarly situated exotic dancers working at or in Headen's Clubs were employees and not independent contractors and were owed minimum wage compensation under the FLSA and NCWHA.

50. Upon information and belief, Defendants, including management and ownership, had actual or constructive knowledge that Defendants misclassified Plaintiff and other similarly situated exotic dancers as independent contractors, failed to pay them wages as required under the FLSA and NCWHA, unlawfully withheld or assigned tips Plaintiff and other similarly situated exotic dancers received from customers, and unlawfully charged Plaintiff and other similarly situated exotic dancers kickbacks, fines, and surcharges during their employment period.

51. Defendants have willfully violated the statutory rights of Plaintiff and other similarly situated exotic dancers under both the FLSA and the NCWHA, resulting in damages to Plaintiff and other similarly situated exotic dancers in the form of unpaid wages, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

52. Plaintiff brings Count One of this Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated exotic dancers at Headen's Clubs.

53. Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who have worked for Defendants as female exotic dancers at Headen's Clubs (and/or any predecessor entities) at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who (i) performed as a female exotic dancer inside one or more of Headen's Clubs; (ii) was classified by Defendants as an independent contractor; and (iii) who was not paid wages directly by Defendants at an hourly rate at least equal to the Federal Minimum Wage.

54. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and other similarly situated exotic dancers.

55. Plaintiff requests that she be permitted to serve as representative of those similarly

situated exotic dancers who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## NCWHA CLASS ACTION ALLEGATIONS

56. Plaintiff brings Count Two of this Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated exotic dancers, for relief to redress and remedy Defendant's violations of the NCWHA, N.C. Gen. Stat. § 95-25.1, et seq.

57. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiff and the other similarly situated exotic dancers.

58. <u>The Proposed Class</u>: All individuals who have worked for Defendants as female exotic dancers at Headen's Clubs (and/or any predecessor entities) at any time within the two (2) year period preceding the filing of this action who (i) performed as a female exotic dancer inside one or more of Headen's Clubs; (ii) was classified by Defendants as an independent contractor; (iii) who was not paid wages directly by Defendants at an hourly rate at least equal to the North Carolina Minimum Wage; and (iv) who were not paid their earned, accrued, and promised wages, and/or were subject to unlawful deductions consistent with N.C. Gen. Stat. 95-25.6 (requiring that all earned and accrued wages be paid on an employee's regular pay date) and N.C. Gen. Stat. 95-25.13 (requiring the notification of wages and pay date in writing or through postings, such as those relating to federal and state law) during the two (2) years preceding the filing of this action.

59. <u>Numerosity</u>: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon

information and belief, the class comprises at least fifty (50) individuals.

60. <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all Plaintiff and all other similarly situated exotic dancers have been harmed by Defendant's misclassification of employees as independent contractors. The common questions of law and fact include, but are not limited to, the following:

a. Whether Plaintiff and other similarly situated exotic dancers are "employees" for purposes of the North Carolina wage laws;

b. Whether Defendants failed to pay Plaintiff and other similarly exotic dancers all of their earned and accrued wages on their regular pay date, pursuant to N.C. Gen. Stat. §§ 95.25.6, for failure to comply with the promised payment of through mandatory notifications of the FLSA and NCWHA posters as required by 95-25.13;

c. Whether Defendants compensated Plaintiff and the other similarly situated exotic dancers for all of their hours worked;

d. Whether Defendants unlawfully deducted from Plaintiff and the other similarly situated exotic dancer's wages, in accordance with N.C. Gen. Stat. § 95-25.8 and 13 N.C. Admin. Code 12 § .0305(g).

61. <u>Typicality</u>: The claims of Plaintiff are typical of the claims of each proposed class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All putative class members were subject to the same compensation practices of Defendants, as alleged herein, of failing to pay employees all of their earned and accrued wages pursuant to N.C. Gen. Stat. § 95-25.6. Defendants' compensation policies and

practices affected all putative class members similarly. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

62. <u>Adequacy of Representation</u>: Plaintiff is able to fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

63. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

64. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are

not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

65. <u>Public Policy Considerations</u>: Defendants violated the NCWHA. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

## **COUNT ONE**
### Violation of the Fair Labor Standards Act
### 29 U.S.C. §§ 203(m), 206
### (Unlawful Tip Deductions and Failure to Pay Minimum Wage)
### (On Behalf of Named, Opt-In, and Putative Plaintiffs)

66. Plaintiff and other similarly situated exotic dancers incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

67. Pursuant to the FLSA, 29 U.S.C. § 206, employers must pay non-exempt employees a minimum wage of $7.25 per hour for all hours worked.

68. The FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, provides an exception to the aforementioned minimum wage rate of $7.25 per hour, allowing certain employers to take a "tip credit," and count tips received by eligible employees toward the employer's minimum wage obligations, with a maximum credit claimed for each employee of $5.12 per hour.

69. To lawfully utilize the tip credit allowance, the FLSA, 29 U.S.C. § 203(m), requires in part that "all tips received by [each] employee [be] retained by the employee."

70. The FLSA prohibits a taking or assignment by Defendants or its management or

13

Case 3:21-cv-00181-FDW-DCK   Document 1   Filed 04/21/21   Page 13 of 18

non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

71. As set forth above, Defendants failed to pay Plaintiff and other similarly situated exotic dancers minimum wage compensation as required by the FLSA.

72. As set forth above, Defendants unlawfully kept and/or assigned tips and gratuities Plaintiff and other similarly situated exotic dancers received from customers.

73. Without the benefits of the tip credit provision, Defendants must pay Plaintiff and all other similarly situated exotic dancers a free and clear hourly rate at the statutory minimum wage of $7.25 per hour for all hours worked, without any credit for the tips received by Plaintiff or any other similarly situated exotic dancers.

74. As set forth above, Defendants willfully failed to pay Plaintiff and all other similarly situated exotic dancers the statutory minimum wage rate by misclassifying them as independent contractors.

75. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid minimum wages for up to three (3) years, rather than two (2) years.

76. Similarly, for the reasons stated above, Defendants cannot affirmatively defend their failure to pay the appropriate minimum wage rate as having been done in good faith, entitling Plaintiff and other similarly situated exotic dancers to liquidated damages in an amount equal to the amount of unpaid wages under 29 U.S.C. § 216(b).

77. As such, Plaintiff, on behalf of herself and other similarly situated exotic dancers, seek to recover from Defendants the following damages:

  e. Minimum wages due;

f. Liquidated damages in an equal amount;

g. Reasonable attorneys' fees and costs; and

h. All other legal and equitable relief as the Court deems just and proper.

## COUNT TWO
### Violation of the North Carolina Wage and Hour Act
### N.C. Gen. Stat. §§ 95-25.6, 95-25.8, 95-25.13
### (Invalid or Unauthorized Deductions from Tips and/or Promised Wages)
### (On Behalf of Named, Opt-In, and Putative Plaintiffs)

78. Plaintiff and other similarly situated exotic dancers incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

79. At all relevant times, Defendants employed, and/or continue to employ Plaintiff and other similarly exotic dancers within the meaning of the NCWHA.

80. Defendant employed Plaintiff and other similarly situated exotic dancers within the State of North Carolina.

81. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8, and the accompanying regulation, 13 N.C. Admin. Code 12 § .0305(g), "If an employer withholds or diverts wages for purposes not permitted by law, the employer shall be in violation of G.S. 95-25.6 . . . even if the employee authorizes the withholding in writing pursuant to G.S. 95-25.8(a), because that authorization is invalid."

82. The NCWHA further prohibits a taking or assignment by Defendants or Defendants' management or non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

83. Regardless of whether Defendants may have received authorization otherwise in compliance with N.C. Gen. Stat. § 95-25.8(a), Defendant withheld from Plaintiff and other similarly situated exotic dancers' wages "for purposes not permitted by law," as provided above,

15

and are therefore liable for these unlawful withholdings.

84. Defendants unlawfully withheld and diverted funds from the compensation earned by Plaintiff and other similarly situated exotic dancers for an improper purpose, to offset Defendants' business expenses, including, but not limited to, the cost of employing other workers, in direct violation of the NCWHA.

85. Additionally, pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.8(a)(3), an employer may only withhold or divert any portion of an employee's wages, "when the amount of the proposed deduction is not known and agreed upon in advance," after meeting several requirements, including, but not limited to: (1) receiving written authorization from each employee; (2) providing the reason for each deduction; (3) providing advance written notice of the actual amount to be deducted; and (4) providing written notice to employees of their right to withdraw authorization.

86. Beyond withholding Plaintiff and other similarly situated exotic dancers' wages "for purposes not permitted by law," Defendants violated N.C. Gen. Stat. § 95-25.8(a)(3) by not receiving sufficient authorization from Plaintiff or other similarly situated exotic dancers, including, but not limited to, failing to provide advance written notice of the actual amount to be deducted, or failure to provide written notice of employees' right to withdraw authorization.

87. As a result of Defendants' unlawful policies and practices, Plaintiff and other similarly situated exotic dancers have been deprived of compensation due and owing.

88. Consistent with the above, Defendants failed to pay Plaintiff and other similarly situated exotic dancers all owed promised and earned wages, in violation of N.C. Gen. Stat. § 95-25.6.

89. For the reasons stated above, Defendants cannot affirmatively defend its NCWHA

16

violations as having been done in good faith, entitling Plaintiff and other similarly situated exotic dancers to liquidated damages in an amount equal to the amount of unlawful deductions, straight and promised wages consistent with § 95-25.6 and § 95-25.13, notification of payment of wages as required by federal and state law postings. All such damages are recoverable under N.C. Gen. Stat. § 95-25.22(a1).

90. As such, Plaintiff, on behalf of herself and other similarly situated exotic dancers, seeks to recover from Defendants the following damages:

    i.     Misappropriated and/or unlawfully deducted wages;

    j.    Unpaid promised wages through posting requirements;

    k.    Liquidated damages in an equal amount;

    l.     Reasonable attorneys' fees and costs;

    m.   Prejudgment interest; and

    n.    All other legal and equitable relief as the Court deems just and proper.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Plaintiff as a representative of all those similarly situated exotic dancers under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the NCWHA, and designate Plaintiff as a representative on behalf of all those similarly situated exotic dancers under the NCWHA class;

3. Award Plaintiff and all those similarly situated exotic dancers actual damages for all

unpaid and misappropriated wages found due to Plaintiff and those similarly situated exotic dancers, and liquidated damages equal in amount, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a1), and pursuant to the FLSA, 29 U.S.C. § 216(b);

4. Award Plaintiff and all those similarly situated exotic dancers pre- and post-judgment interest at the statutory rate, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a), and pursuant to the FLSA, 29 U.S.C. § 216(b);

5. Award Plaintiff and all those similarly situated exotic dancers, attorneys' fees, costs, and disbursements as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d), and pursuant to the FLSA, 29 U.S.C. § 216(b); and

6. Award Plaintiff and all those similarly situated exotic dancers further legal equitable relief as this Court deems necessary, just and proper.

Respectfully submitted this, April 21, 2021.

/s/ Josh Krasner
Joshua Krasner, Esq.
NC Bar # 19132
Barrett Law Offices, PLLC
5 West Hargett Street, Suite 910
Raleigh, North Carolina 27601
(919) 999-2799 (ph)
Email: jkrasner@barrettlawoffices.com

/s/ Gregg C. Greenberg
Gregg C. Greenberg, Virginia Bar No. 79610
(To be Admitted by Pro Hac Vice)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Attorneys for Plaintiff*
*and the Class / Collective*